301 So.2d 243

**Robert Eugene BURROW**

**v.**

**STATE.**

**8 Div. 513.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

Ernest L. Potter, Jr., Huntsville, for appellant.

William J. Baxley, Atty. Gen., and Don C. Dickert, Sp. Asst. Atty. Gen., for the State.

**480**

CATES, Presiding Judge.

Rape: sentence, ten years in the penitentiary.

**I**

The tendency of the State's evidence was that Burrow and his co-indictee waylaid the prosecutrix and her male escort. After one of the two defendants forced the man at pistol point to drive to a remote place, both made the escort get in the trunk of his car which they then locked with him therein.

Then they took the prosecutrix to a more remote area and each ravished her.

Meanwhile, the kidnaped man was rescued from his vehicular dungeon and set up the hue and cry. The police apprehended the defendants. With the latter was the prosecutrix—in an hysterical condition, wearing a torn dress. Much of her testimony was corroborated.

Burrow defended on consent. He denied any knowledge of the male escort until he appeared with arresting officers.

After the record was filed here, but before submission, the co-defendant withdrew his appeal.

Though not required by Code 1940, T. 15, § 389, appellant's counsel has made assignments of error. The first of these is that on one occasion the trial judge allowed the State to elicit from the prosecutrix details of her making complaint. We have carefully read the entire record and are compelled to characterize this claim as without foundation in the record. We reject the assignment.

The second assignment was based on the overruling of an objection for which no ground was specified. See Circuit Court Rule 33.

In the course of cross-examining several character witnesses the State skated on thin ice. The third assignment purports to lay error in some of the questions which the court below allowed to be put to the witness, Paseur. In view of this witness's answers to the District Attorney's questions we see no prejudice to the appellant. Supreme Court Rule 45.

**II**

We have considered the entire record under Code 1940, T. 15, § 389, including the following:

a) The clerk's certificate;

b) The court reporter's certificate;

c) The statement of the organization of the court; (Sup.Ct.R. 52);

d) The indictment (caption, charge, conclusions, and required endorsements);

e) Judgment entry (arraignment, presence of counsel, twelve jurors, empanelling and swearing of jury, verdict, adjudication of guilt, allocutus, sentence and notice of appeal); and

f) Each ruling of the trial judge adverse to the appellant—Rule A, Ct.Cr.App.—49 Ala.App. XXI—(including without limitation appellant's exceptions to the oral charge to the jurors). See Code 1940, T. 7, §§ 273 & 274.

From this examination we conclude that the judgment below should be

Affirmed.

All the Judges concur.